09-2398-ag
Lin v. Holder

BIA
Bain, IJ
A097 958 004

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27ᵗʰ day of September, two thousand ten.

PRESENT:
>JON O. NEWMAN,
>RICHARD C. WESLEY,
>PETER W. HALL,
>>*Circuit Judges*.

_____

YIN FANG LIN,
>>*Petitioner*,

>v.                                    09-2398-ag
>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>>*Respondent*.

_____

FOR PETITIONER:      Michael G. Radigan, Aberdeen, New Jersey.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Jennifer L. Lightbody, Senior Litigation Counsel; Edward E. Wiggers, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a

Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yin Fang Lin, a native and citizen of China, seeks review of a May 8, 2009, order of the BIA, affirming the October 31, 2007 decision of Immigration Judge ("IJ") Terry A. Bain, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yin Fang Lin*, No. A097 958 004 (B.I.A. May 8, 2009), *aff'g* No. A097 958 004 (Immig. Ct. N.Y. City Oct. 31, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

The agency's adverse credibility determination is supported by substantial evidence. The IJ did not err in finding implausible Lin's testimony that he held a banquet

for the birth of his second child despite the fact that his second child's birth violated the family planning policy when he also testified that he did not get married because he was afraid that the wedding ceremony would attract the attention of family planning officials. *See Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (finding that when "the reasons for the [IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence because it is tethered to the record). Similarly, the BIA reasonably noted that although Lin's children were purportedly born in a distant village to avoid alerting family planning officials of their births in violation of the family planning policy, Lin held a banquet to celebrate the birth of his second child in his home village. *See id.* While Lin argues that the IJ and the BIA failed to consider his explanation that he could not hold a marriage ceremony because he and his girlfriend were not of legal age to marry under the family planning policy, the IJ explicitly considered this explanation and reasonably declined to credit it. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also found implausible Lin's testimony that,

despite his claim that he loved his girlfriend, he abandoned her and fled when family planning officials confronted him at the banquet for their second child.  Further, the IJ found implausible Lin's testimony that he did not attempt to contact his girlfriend for two months after the incident at the banquet.  Lin asserts that this implausibility finding is erroneous because the IJ engaged in speculation.  However, while bald speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not "bald" if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."  *Siewe v. Gonzales,* 480 F.3d 160, 168-69 (2d Cir. 2007).  While Lin also asserts that the IJ's implausibility findings do not go to the heart of his claim, this argument is meritless because Lin's purported confrontation with family planning officials at the banquet formed the basis for his claim of a well-founded fear of persecution.  *See Secaida-Rosales v. INS*, 331 F.3d 297, 308 (2d Cir. 2003).

Additionally, the IJ's adverse credibility determination was based, in part, on Lin's failure to provide corroboration for his claim that he fathered two

4

children in China.  Because an applicant's failure to corroborate his testimony may bear on credibility, this finding was not erroneous.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because Lin based his claims for withholding of removal and CAT relief on the same factual predicate as his asylum claim, which the agency reasonably found not credible, those claims necessarily fail.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk
```